LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADELA AYALA, individually, and as Next Friend of L.O.A., a minor child, ) ) ) Plaintiff, ) ) vs. ) ) RUSSELL BARRON, in his official capacity as Director of the Idaho Department of Health and Welfare, and ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health, Bureau of Vital Records and Health Statistics, ) ) ) ) ) ) ) ) ) Defendants. ) ) | Case No. 1:16-cv-00501-BLW **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST TO ALTER DRAFT DECISION** |

On June 20, 2018, the Court provided the parties a draft decision on the pending motions for judgment on the pleadings (Dkt. 37) and summary judgment (Dkt. 38).  The Court held a telephone status conference on June 28, 2018.  At that conference, the Court and counsel discussed some of the different consequences that would flow from an adoption versus an order

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
TO ALTER DRAFT DECISION - 1

in this action requiring Defendants to amend L.O.A.'s birth certificate to add Ms. Ayala as a parent.

One difference is that if Ms. Ayala forgoes an adoption, she and L.O.A. will not qualify for the adoption assistance benefits provided in IDAPA 16.06.01.910.

Another difference that would flow from Ms. Ayala's choice to forgo an adoption is the form of an amended birth certificate. Idaho law generally requires that when a birth certificate is amended, the facts of the amendment are reflected on the new certificate. *See* Idaho Code § 39-250 (except as specifically provided by statute, certificate must be marked "amended"); IDAPA 16.02.08.201.08.a. (prescribing the way amendments are reflected on amended certificates except as specifically provided otherwise by law). Idaho law specifically exempts a birth certificate issued following an adoption from these requirements. *See* Idaho Code § 39-258(e)-(f) (requiring new certificate issued after an adoption to be identical to an original certificate and prohibiting it from disclosing fact of adoption).

Ms. Ayala apparently has chosen not to proceed with an adoption. But she does not want to accept the consequences of that decision. Ms. Ayala wants the Court to alter its draft decision to provide her one of the benefits an adoption would provide: a new certificate exempt from Idaho laws requiring that the amendment be reflected on the amended certificate.

Defendants urge the Court to reject Ms. Ayala's request to alter the draft decision in this manner. It is not fair for Ms. Ayala to forgo the adoption route the law provides, and which Defendants have facilitated for her, but still demand advantages it would provide. And she did not seek the additional relief she now requests in her complaint or her motion for summary judgment.

/ / /

Defendants also respectfully urge the Court to reconsider its analysis of Defendants' statute of limitations defense in the draft decision. Even if the law supported the Court's extension of the *Reed v. Ross*, 468 U.S. 1 (1984), doctrine from the habeas context to this case, the doctrine would not revive Ms. Ayala's claim. There is a fundamental flaw in the Court's analysis on this point. The Court states that "the State of Idaho and Idaho state courts took no steps in the direction of legalizing same-sex marriage before *Obergefell* [was decided on June 26, 2015]." Draft Decision at 7-8. But in fact, Idaho began permitting same-sex marriage on October 15, 2014, when the Ninth Circuit lifted the stay on Judge Dale's judgment in *Latta v. Otter*. *Latta v. Otter*, 771 F.3d 496 (9th Cir. 2014) (opinion granting motion to dissolve stay of judgment effective October 15, 2014, at 9:00 a.m. PDT). This change in the law was widely reported in the media. *See, e.g.*, The Spokesman-Review, Eye on Boise blog, "First Ada County licenses issued to two plaintiff couples from Idaho's same-sex marriage case," Oct. 15, 2014 (available at http://www.spokesman.com/blogs/boise/2014/oct/15/first-ada-county-licenses-issued-two-plaintiff-couples-idahos-same-sex-marriage-case/); Idaho Press, "Idaho same-sex couples allowed to legally wed Wednesday," Oct. 16, 2014 (available at https://www.idahopress.com/members/idaho-same-sex-couples-allowed-to-legally-wed-wednesday/article_b083d322-54e6-11e4-8376-9b004de01e43.html). It is virtually impossible to conclude that Ms. Ayala was unaware of this fundamental change in Idaho, which occurred more than two years before she filed this case.[1]

Moreover, when the Ninth Circuit issued its merits decision in *Latta* in October 2014, 771 F.3d 456, it joined a growing majority of courts, including a majority of federal appellate courts, holding that same-sex couples have a constitutional right to marry. *See, e.g., Kitchen v.*

---

[1] For this reason, *Gregg v. Hawaii, Dep't of Public Safety*, 870 F.3d 883 (9th Cir. 2017), cannot save Ms. Ayala's claim.

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
TO ALTER DRAFT DECISION - 3

*Herbert*, 755 F.3d 1193 (10th Cir. 2014); *Bostic v. Schaeffer*, 760 F.3d 352 (4th Cir. 2014); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014).   The *Reed* rule applies in habeas cases where the Supreme Court issues a decision that overturns "'a near-unanimous body of lower court authority.'"  *Reed*, 468 U.S. at 17 (quoting *U.S. v. Johnson*, 457 U.S. 537, 551 (1982)). *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), did no such thing.  It merely confirmed the majority view already in existence, including in Idaho.

If the sole effect of the Court's issuance of its decision were to grant Ms. Ayala legal parental status, Defendants likely would not challenge the decision through an appeal.  The Department of Health and Welfare supported Ms. Ayala in achieving this goal, albeit through the legal path of adoption.  However, if the Court enters judgment, Defendants would face another very significant consequence: a substantial claim for attorneys' fees (caused by Ms. Ayala's choice to forgo the adoption alternative).  As a result, Defendants would feel compelled by their duty to protect taxpayer funds to appeal the Court's decision, particularly in light of their conviction in the strength of their statute of limitations defense.

If Defendants were forced to appeal, and were successful in that effort, there could be serious disruptive consequences.  Ms. Ayala would lose her temporary parental status and would be forced to restart the adoption process anew.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
TO ALTER DRAFT DECISION - 4

For all these reasons, Defendants respectfully request that the Court reconsider its analysis in its draft decision and enter a judgment dismissing Ms. Ayala's claims as time barred under the statute of limitations.

Dated this 6th day of July, 2018.

                STATE OF IDAHO
                OFFICE OF THE ATTORNEY GENERAL

By:    /s/
      W. SCOTT ZANZIG
      Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July, 2018, I electronically filed the foregoing with th**e Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** Persons:

Howard A. Belodoff
howardbelodoff@idaholegalaid.org

Jennifer A. Giuttari
jennifergiuttari@idaholegalaid.org

                /s/
                W. SCOTT ZANZIG