UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADELA AYALA, individually, and as next friend of L.O.A., a minor child,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICHARD M. ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare and ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health, Bureau of Vital Records and Health Statistics,<br><br>        Defendants. | Case No. 1:16-cv-00501-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The matter before the Court is the Plaintiffs' Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988(b). Dkt. 61. Defendants ask the Court to reduce the award sought by Plaintiffs. Dkt. 64. After reviewing the Parties' briefs, the Court GRANTS Plaintiffs' request in part. The Court will award Plaintiffs' attorneys' fees in the amount of $227,195.00.

## ANALYSIS

Pursuant to 42 U.S.C. § 1988(b), a court may award reasonable attorney fees and costs to "the prevailing party" in an action to enforce a provision of 42 U.S.C. § 1983.

Plaintiffs' claims seeking to protect their federal Due Process and Equal Protection rights through injunctive relief was appropriately raised under § 1983. *See Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008).

After establishing that a plaintiff is entitled to attorney's fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, determines the amount of the award. *Id.* "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

Defendants do not dispute that Plaintiffs were the prevailing party, nor do they dispute that Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. Additionally, Defendants do not object to the hourly rates charged by Plaintiffs' attorneys. The sole disagreement between the Parties is whether the number of hours expended on this case by Plaintiffs' counsel is unreasonable. Plaintiffs' counsel state that they spent 1,011.60 hours working on this case, and they request attorneys' fees in the amount of $363,360.00. Defendants ask the Court to reduce the hours variable to 300 hours total, which would result in an attorneys' fees award in the amount of $171,690.00.

1. **Expended Hours by Plaintiffs' Counsel**

The total number of hours expended by Plaintiffs' counsel on this case is unreasonable. Under § 1988, prevailing parties may only be compensated for those hours

of work that were "reasonably expended" on the litigation. *See Hensley*, 461 U.S. at 434. The moving party bears the burden of establishing the hours claimed and must carry this burden by submitting adequate documentation of those hours. *Id.* at 437. Claimed hours "may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed and hours are duplicated, [or] if the hours expended are deemed *excessive or otherwise unnecessary*." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 2010 (9th Cir. 1986) (emphasis added). As discussed below, the Court finds Plaintiffs' counsels' hours were unreasonable because: (1) the pre-filing hours expended by Plaintiffs' counsel were excessive, (2) Plaintiffs' counsel filed poorly written briefs throughout the proceeding, and (3) Plaintiffs' counsel raised numerous legal arguments, in a "shotgun" fashion, that were not dispositive in the litigation.

    *a. Plaintiffs' Counsels' Pre-Filing Expended Hours Are Excessive*

To begin with, Plaintiffs' counsel—who have a combined 50 years of experience as attorneys—fail to explain why they required over 300 hours to prepare and file the complaint. *See* Dkt. 61; Dkt. 65. The pre-filing hours amount to almost a third of the total hours billed by Plaintiffs' counsel. With such a large portion of the fee request coming from this phase of the suit, the Court would expect a reasoned explanation from Plaintiffs' counsel justifying their hours. An experienced attorney, charging a high hourly rate, is expected to be "more efficient at performing the necessary tasks[.]" *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001). Absent a reasoned explanation by Plaintiffs' counsel, the Court finds that the 300 hours sought for pre-

of work that were "reasonably expended" on the litigation. *See Hensley*, 461 U.S. at 434. The moving party bears the burden of establishing the hours claimed and must carry this burden by submitting adequate documentation of those hours. *Id.* at 437. Claimed hours "may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed and hours are duplicated, [or] if the hours expended are deemed *excessive or otherwise unnecessary*." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 2010 (9th Cir. 1986) (emphasis added). As discussed below, the Court finds Plaintiffs' counsels' hours were unreasonable because: (1) the pre-filing hours expended by Plaintiffs' counsel were excessive, (2) Plaintiffs' counsel filed poorly written briefs throughout the proceeding, and (3) Plaintiffs' counsel raised numerous legal arguments, in a "shotgun" fashion, that were not dispositive in the litigation.

    *a. Plaintiffs' Counsels' Pre-Filing Expended Hours Are Excessive*

To begin with, Plaintiffs' counsel—who have a combined 50 years of experience as attorneys—fail to explain why they required over 300 hours to prepare and file the complaint. *See* Dkt. 61; Dkt. 65. The pre-filing hours amount to almost a third of the total hours billed by Plaintiffs' counsel. With such a large portion of the fee request coming from this phase of the suit, the Court would expect a reasoned explanation from Plaintiffs' counsel justifying their hours. An experienced attorney, charging a high hourly rate, is expected to be "more efficient at performing the necessary tasks[.]" *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001). Absent a reasoned explanation by Plaintiffs' counsel, the Court finds that the 300 hours sought for pre-

complaint work is excessive considering the experience of both attorneys and the relative lack of complexity of the case.  *See id.*; *Morales v. City of San Rafael*, 96 F.3d 359, 363, 364 n.9 (9th Cir. 1996) (explaining that in lodestar calculations, to determine reasonable attorneys' fees award, the Court must take into account, among other factors, the novelty and complexity of the issues, and the skill and experience of the attorneys).

### b. *Plaintiffs' Briefing Was Generally Unhelpful*

In general, Plaintiffs' briefing throughout the proceedings was not of the high quality that the Court expects of attorneys who practice before it.  By way of example, the reply brief filed by Plaintiffs' counsel regarding their Motion for Permanent Injunction was troubling.  The Court expects that a reply brief, perhaps more so than any other submission to the Court, will build upon the briefing already submitted, focus the Court's attention on what is really at issue, and will be very succinct and to the point.

In this case, Plaintiffs' counsel simultaneously filed an overlength brief and Motion for Leave to File Excess Pages, Dkt. 20, one day before the filing deadline.  The submitted reply brief was riddled with grammatical and substantive errors, was unfocused, and was unjustifiably longer than permitted by Rule.  The Court took virtually nothing away from the brief, thereby rendering the writing the brief an exercise in futility.

### c. *Plaintiffs' Counsels' Advocacy Was Not A Major Factor in Plaintiffs Securing A Favorable Resolution of Their Case*

Finally, the Court notes that despite the excessive hours expended by Plaintiffs' counsel in this case, Plaintiffs' counsels' advocacy was ultimately not a major factor in securing the favorable result for Plaintiffs in this case.  Undoubtedly, the issue of same-

sex marriage is a complex issue that this Court and others have wrestled with. Furthermore, challenges to the constitutionality of state statutes also generally involve nuanced and difficult arguments.

But, despite the complexity of the subject matter, this case was relatively straightforward. It involved a Due Process Clause and Equal Protection Clause challenge to an Idaho state statute. Rather than cogently laying out the legal analysis and relevant facts in this case however, Plaintiffs' counsel both in their briefs and at oral argument repeatedly put forth duplicative and irrelevant arguments. Plaintiffs' counsel spent precious little time on the dispositive issues in this case. At times, counsels' advocacy shrouded, rather than illuminated, the dispositive issues in this case.

**2. Plaintiffs' Counsels' Fee Award Will Be Reduced by 345 Hours**

The attorneys' fee award sought by Plaintiffs will be reduced by 345 hours, to account for (1) the unreasonable number of hours expended by Plaintiffs' counsel prior to filing the complaint, (2) the unhelpful briefing filed by Plaintiffs' counsel, and (3) the fact that Plaintiffs' counsel failed to offer much argument or analysis of the legal issues that ultimately yielded a favorable result for Plaintiffs in this case. The 345-hour reduction will be distributed pro rata based on the experience of each attorney. Thus, Howard A.

Belodoff's hours will be reduced by 275 hours and Jennifer A. Giutarri's hours will be reduced by 70 hours.[1]

## CONCLUSION

In sum, the Court will award Plaintiffs' counsels fees as follows:

|  | Requested Hours | Reduction | Hours After Reduction | Hourly Rate | Total Award |
|---|---|---|---|---|---|
| Howard A. Belodoff | 567.8 | 275 | 292.8 | $425 | $124,400 |
| Jennifer A. Giutarri | 443.8 | 70 | 373.8 | $275 | $102,795 |
|  |  |  |  |  | $227,195 |

## ORDER

**IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Attorneys' Fees (Dkt. 61) is **GRANTED** in the amount of $227,195.00.

DATED: January 3, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

---

[1] Plaintiffs' counsel also ask the Court to award attorneys' fees in the amount of $7,650 for time expended on drafting and filing the Reply brief regarding their Motion for Attorneys' Fees. Dkt. 65 at 10. That request is denied in light of the foregoing opinion.